UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
----------------------------------------------------------------X
CARMAN Y. WILLIAMS, individually and as next friend
p/n/g of Adzua A. Agyapon,

Plaintiff(s),

**FILED
HARRISBURG**    1:01-CV-01652

AUG 2 7 2001    <u>AMENDED
COMPLAINT</u>

vs.

MARY E. D'ANDREA, CLERK

Per_____  JURY TRIAL
DEPUTY CLERK    DEMANDED

MILTON HERSHEY SCHOOL; MILTON HERSHEY SCHOOL
BOARD OF MANAGERS; JOHN DOE "MATHIEUS", individually and in
his capacity as an employee of the Milton Hershey School; "Jane Doe" Mathieus,
individually and in her capacity as an employee of the Milton Hershey School;
John Doe's 1 through 10, names of supervisory personnel whose identities are
presently unknown to the plaintiff.

Defendants.

----------------------------------------------------------------------------------X

Plaintiff(s) complaining of the Defendant(s) allege the following:

1.    Plaintiff's are domiciliaries of the State of New York and reside in the City and
County of New York.  Plaintiff, Adzua A.  Agyapon, an infant plaintiff, is a domiciliary of the
City, State, and County of New York.  Jurisdiction of this matter is predicated upon diversity of
citizenship, and the amount in controversy is in excess of $75,000 exclusive of costs, interests
and  disbursements.

2.    Defendant(s), including the fictitious first names of   "John and Jane
Doe"Mathieus are upon information and belief, all citizens of the State of Pennsylvania, and

there is complete diversity of citizenship between all plaintiffs and all defendants.   The

defendants designated as "John Does" #1 through #10 are parties, Milton Hershey School house

parent supervisory personnel, and human resources personnel, whose identities are unknown to

the plaintiff at the present time, but upon learning the identities of the supervisory personnel the

plaintiff will amend the caption to reflect the names of the parties intended to be named as

defendants.

3.      At all times herein, upon information and belief, the defendant house parents,

"Jane and John Doe" Mathieus were employees of and under the direct control and supervision

of the Milton Hershey School, and were acting within the scope of their employment as house

parent employees of the Milton Hershey School.

4.      On or about June 11, 2001 and on July 7, 2001, the Hershey Defendants

negligently hired, retained and supervised employees "John Doe" Mathieus and "Jane Doe"

Mathieus house parents of Student Home Madison.  The Hershey Defendants owed a duty to the

Plaintiffs to only hire fit and competent individuals as house parents; house parents are primarily

responsible for the children who attend the school and as such a special relationship exists by

virtue of said position of trust; the Hershey defendants, upon information and belief, either knew

or should have known prior to hiring said house parents: "John Doe and Jane Doe Mathieus" that

they were unfit for the position for which they were employed, and that said individuals

possessed negative attributes and propensities and as such posed a danger to both the parents –

and particularly African-American parents, and the children with whose care they were entrusted.

The Hershey defendants either knew or should have known or in the exercise of reasonable care would have discovered said employees were unfit and incompetent.

5.    The infant plaintiff, a student at the school, was assigned to Madison for the first 5 weeks of the Summer Session.    "John Doe" Mathieus did on or about June 11, 2001, on the day that the Plaintiff brought her daughter to the home prior to the start of the first week of the summer program,  scream, yell and verbally abuse, without cause or justification and without consent at the Plaintiff, Carman Y.  Williams in a hostile, angry and threatening manner causing the Plaintiff to apprehend an imminent harmful or offensive contact.

6.    Upon information and belief, this was not the first occasion that said house parents who are both white, who upon belief, are racists, behaved abusively and threateningly toward African-American parents and students.  The Plaintiff immediately notified Mr .Lee Schultz, the Neighborhood Consultant, by telephone  regarding the extreme and outrageous behavior of the house parent defendants.  Upon information and belief, no action was taken to reprimand or discipline said house parents for said outrageous and extreme behavior toward the Plaintiff in the presence of the  infant plaintiff.

7.    As a residential educational institution, entrusted with minor children, a special relationship exists between the Plaintiffs and the Defendants who  owed a duty to the plaintiffs to hire competent employees without racist or other dangerous propensities. the Defendants breached this duty by hiring, retaining and supervising the Mathieus defendants, who by virtue of

said breach have damaged the Plaintiffs herein who have suffered and will continue t o suffer mental and emotional anguish and distress, loss of earnings, lost earning capacity in an amount yet t o be determined. Wherefore, Plaintiff Prays that Judgment be entered against the Hershey Defendants, jointly and severally for compensatory and punitive damages in an amount to be determined at trial together with costs and disbursements, attorneys fees and statutory interest from the date of this complaint.

8.    The allegations alleged in Paragraphs 1 through 7 are hereby repeated, and incorporated by reference as fully set forth above.

9.    On or about July 7, 2001 at 970 Homestead Lane, Hershey, Pennsylvania at approximately 10:35 a.m. the Mathieus defendants, did maliciously, and intentionally, in the presence of numerous third parties, including the infant plaintiff, slander the plaintiff Carman Y. Williams by stating that "I heard all about you from the other house parents. You're not going to file any false charges of discrimination against me." The Mathieus Defendants either knew or should have known that said statement was false or acted in reckless disregard for the truth or falsity of the statement. Said allegations were false, unprivileged, and defamatory, and the Plaintiff has suffered and will suffer reputational and other damages as a result thereof.

10.    As a result of one or more of the acts or omissions complained of, the Plaintiff's have suffered and will continue to suffer and incur expenses in the future. The Plaintiff, Carman Y. Williams has suffered mental anguish and distress, aggravation of pre-existing medical

conditions, lost earnings, and impaired earning capacity. Wherefore, Plaintiff prays that Judgment be entered against the Defendants jointly and severally .

11.    The Hershey defendants, Human Resources personnel, and house parent supervisory personnel all either knew, should have known or in the exercise of reasonable diligence should have discovered that their agents, servants, employee house parents, "John and Jane Doe" Mathiueus possessed negative and racist tendencies and should not have been either hired or retained in the employment of the Milton Hershey School. Defendants' negligence is the direct and proximate cause of the injuries sustained by the Plaintiffs herein.

12.    On or about July 7, 2001, at 970 Homestead Lane the defendants herein were at all times stated, employees of the Milton Hershey School and under the direct control and supervision of Milton Hershey School. Defendant(s) intentionally verbally abused, threatened and harassed the Plaintiff Carman Y. Williams who was lawfully on the premises of the school to pick up her child who was about to start her summer vacation. "John" and "Jane" Doe Mathieus verbally harassed and acted in a threatening manner toward the plaintiff Carman Y. Williams who intervened on her child's behalf when the defendant "Jane Doe" Mathieus began verbally berating and harassing Plaintiff's daughter about having taken me to the bathroom in the "student part" of the student home, "Jane Doe" Mathieus was behaving irrationally on this occasion as was her husband who began yelling at the plaintiff. The Plaintiff, concerned for the safety of both herself and her daughter retrieved the daughter's belongings and left the premises. Immediately thereafter, the Plaintiff contacted Mr. Anthony Cortes, Neighborhood Director and

the immediate supervisor of Mr. Lee Schultz , the direct supervisor of the Mathieus defendants regarding said incident. In spite of more than a month having elapsed since the incident occurred, the plaintiff was never contacted and never received a response from the Hershey Defendants regarding this incident.

13.    Said conduct on the part of the Mathieus Defendants was outrageous and exceeded the bounds of behavior in a civilized society; defendant "Jane Doe" Mathieus was pointing her finger in the plaintiff's daughters face and the Plaintiff mother intervened on her daughter's behalf because of the inappropriate conduct of the defendants and was subjected to abusive and defamatory language in the presence of third parties.   The Defendant "John Doe" Mathieus made a reference to York, Pennsylvania and what happened to that African -American woman.   Such reference to the York incident , upon belief was intended to frighten the plaintiff, an African-American woman who similarly to the African-American woman murdered in York, was traveling in the State of Pennsylvania alone.

14.    As a direct and proximate cause thereof, the Plaintiff's have suffered mental anguish, humiliation, loss of enjoyment of life, and an aggravation of pre-existing health problems; sleeplessness; anger, crying, loss of appetite, stomach problems, headaches, and a deterioration of interpersonal relationships.

15.    Upon information and belief, the Plaintiff has suffered an invasion of privacy by virtue of having had private information relating to complaints made to the Hershey Defendants

regarding perceived bias, etc. on the part of employees of the school, disseminated to third parties without plaintiff's consent and in the absence of any privilege to have revealed said private facts. Said dissemination of private facts are highly objectionable and offensive and the plaintiff has suffered damages as a result thereof, and prays for judgment against the defendants jointly and severally in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

16.    On or about July 7, 2001 the Plaintiff, Carman Y. Williams, the natural mother of Adzua, A. Agyapon, born on July 31, 1989 suffered a loss of consortium by virtue of the acts and omissions of the Hershey Defendants and "John and Jane" Doe Mathieus.    The negligent hiring, retention and supervision, defamation of character, and invasion of privacy suffered by the Plaintiff caused injuries to the Plaintiff's minor daughter who was present and witnessed both incidents involving the unfit, incompetent and racist house parent defendants.  Plaintiff's daughter suffered mental anguish, distress, sleeplessness, irritability, stomach pains , and plaintiff's daughter suffered a change in personality; increased tension and stress.  Because of the injury to Plaintiff's daughter, Plaintiff has sustained a loss of consortium in the parent-child relationship, including loss of society, aid, assistance, companionship, comfort, love, affection, and solace.

WHEREFORE, Plaintiff prays that judgment be entered against the defendants for compensatory and punitive damages in an amount to be determined at trial.; for costs and disbursements, and for attorneys fees; Plaintiffs further request, pursuant to 28 U.S.C. § 1915 (e)(1),

that the Court appoint counsel to prosecute this action on the Plaintiffs behalf, as the Plaintiffs can not afford legal counsel., and for such other and further relief as to the court seems just and proper.

WHEREFORE, plaintiffs request that compensatory, and punitive damages be assessed against the Hershey Defendants, "John Doe" Mathieus and "Jane Doe" Mathieus, jointly and severally along with costs and disbursements in bringing this action and statutory interest from the date of filing; Plaintiff further requests that a hearing be held and a preliminary injunction be entered against the defendants to prevent them from taking any action to negatively affect the enrollment status of the plaintiff's daughter at the school, as the Defendant's have threatened in the past, without cause or justification, to terminate the enrollment of said child who was and is wholly innocent and who has been an exemplary student.

Dated:  September 6, 2001

Carman Y. Williams
Plaintiff, Pro Se
344 E. 28th Street
New York, New York 10016
(646)935-0309